IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

REBECCA MCCOMAS,

           Plaintiff,

v.                                          CIVIL ACTION NO. 2:11-cv-00146

MICHAELS STORES, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 5]. For the reasons set forth below, the Motion is **GRANTED**. The court **ORDERS** that this case be remanded to the Circuit Court of Kanawha County, West Virginia.

**I.    Background**

On February 11, 2011, the plaintiff, Rebecca McComas, filed the instant Complaint against the defendant, Michaels Stores, Inc. ("Michaels") in the Circuit Court of Kanawha County, West Virginia. In her Complaint, the plaintiff asserts that while shopping at Michaels, "2 end caps containing glass and metal beads fell approximately 2 feet from the shelf, striking Mrs. McComas in the head." (Compl. ¶ 4.) The plaintiff alleges that as "a direct and proximate result of Defendant's negligent conduct, Plaintiff sustained a serious injury to her head." (Compl. ¶ 6.) The plaintiff seeks "various damages, including medical bills, loss of enjoyment of life, pain and suffering, emotional distress, and annoyance and inconvenience." (Id.)

On March 8, 2011, the defendant removed the action to this court pursuant to 28 U.S.C. § 1441 on the grounds of complete diversity of citizenship between the parties under 28 U.S.C. § 1332. On March 23, 2011, the plaintiff moved to remand the action to the Circuit Court of Kanawha County. The plaintiff contends that, although the parties are completely diverse, the amount in controversy is less than $75,000 and, accordingly, this court does not possess subject-matter jurisdiction over the action.

## II. Standard for Remand

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly because of the significant federalism concerns removal implicates. *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* Accordingly, when federal jurisdiction is based on diversity under 28 U.S.C. § 1332, the defendant bears the burden of proving that the suit is between citizens of different states and that the amount in controversy exceeds the jurisdictional amount of $75,000. *See Sayre v. Potts*, 32 F. Supp. 2d 881, 883-84 (S.D. W. Va. 1999).

Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, *i.e.*, that it is more likely than not, that the amount in controversy exceeds $75,000. *Sayre*, 32 F. Supp. 2d at 886. "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Id.* Rather, the defendant must supply some evidence to support his claim regarding the amount in controversy.

*Id.* In addressing the propriety of removal, courts look to "the record existing at the time the petition for removal was filed." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). "Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* A court can consider, for example, the type and extent of the plaintiff's injuries set forth in the complaint and the possible damages recoverable. *Id.* Importantly, "in reaching a conclusion with regard to the amount in controversy based upon this evidence, the court 'is not required to leave its common sense behind.'" *Id.* at 886-87 (quoting *Mullins v. Harry's Mobile Homes Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)).

### III. Discussion

In her Complaint, the plaintiff explicitly seeks less than $75,000 for "various damages, including medical bills, loss of enjoyment of life, pain and suffering, emotional distress, and annoyance and inconvenience." (Compl. ¶ 6.) While the plaintiff's request of less than $75,000 guides my analysis, it is not dispositive because the plaintiff did not stipulate to capping her damages. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001). The absence of such a stipulation is not fatal to the plaintiff's claim, however, and the defendant must still establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant makes much of the absence of a stipulation and emphasizes that "a restriction placed by a plaintiff in a complaint standing alone is insufficient to defeat jurisdiction because in West Virginia the *ad dammnum* clause is only an estimate." (Resp. to Mot. To Remand, at 8.) It is true that, standing alone, the plaintiff's failure to request less than $75,000 in damages would be insufficient

to defeat jurisdiction. Here, however, there is ample evidence in the record that the amount in controversy is less than $75,000.

The plaintiff states that as of the filing of the instant suit, nearly two years after the accident occurred, she had incurred only $4,244.26 in medical bills. (Memo in Supp. Mot. To Remand, at 1.) Moreover, the plaintiff is not requesting any damages for lost wages and she concedes that she cannot recover punitive damages in this case as the Complaint "does not set forth any allegations that would warrant a punitive award." (Id., at 2.) As stated above, in assessing a disputed amount in controversy, a court is "not required to leave its common sense behind." *Sayre*, 32 F. Supp. 2d at 886. Common sense dictates that a plaintiff seeking only $4,224.26 in actual damages, and who has explicitly conceded that she is not entitled to punitive damages, has likely not placed an amount more than $75,000 in controversy. Moreover, the defendant has failed to offer any evidence indicating that it "is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* Accordingly, I **FIND** that the defendant has failed to establish that the amount in controversy exceeds $75,000.

Finally, the plaintiff requests that the court award her costs and fees. Title 28 U.S.C. § 1447(c), provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

While the defendant's arguments supporting removal are ultimately unpersuasive, I nevertheless **FIND** that the defendant had an objectively reasonable basis for seeking removal. Accordingly, the plaintiff's request for costs and fees is **DENIED**.

### IV. Conclusions

For the foregoing reasons, I **FIND** that the this court lacks subject-matter jurisdiction over this action. The plaintiff's Motion to Remand [Docket 5] is **GRANTED** and the court **ORDERS** that this action be remanded to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 23, 2011

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge